**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Duane Romney,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Progressive Preferred Insurance Company,<br><br>　　　　　Defendant. | No. CV-23-01936-PHX-ROS<br><br>**ORDER** |

Plaintiff Duane Romney ("Plaintiff") and Defendant Progressive Preferred Insurance Company ("Defendant") filed a Joint Statement of Discovery Dispute on October 1, 2024. (Doc. 66).

## BACKGROUND

On November 14, 2023, the Court set the Rule 16 Scheduling Order adopting the parties' proposed deadline of March 29, 2024, for the completion of "[a]ll discovery, including answers to interrogatories, production of documents, depositions, and requests to admit." (Doc 13). The Court was skeptical the parties would be able to comply with this deadline, but the Court entered it because of the parties' agreement.

On February 29, 2024, Defendant filed for Summary Judgment. (Doc. 17). On March 28, 2024, the parties stipulated to extend Plaintiff's deadline to respond to Defendant's Motion because Plaintiff believed additional discovery would be "pertinent to the motion." (Doc. 24). On March 29, 2024, in lieu of extending Plaintiff's time to respond to the Motion, the Court denied Defendant's Motion for Summary Judgment

without prejudice, allowing Defendant to refile "once the parties ha[d] completed more discovery such that Plaintiff could respond to the motion in a more timely manner." (Doc 25).

On April 19, 2024, the parties filed a First Notice of Discovery and Settlement. (Doc. 29). The Court noted the parties' filing indicated fact discovery and numerous discovery disputes remained and did not address the now passed March 29, 2024 discovery deadline. (Doc. 30). The Court thus ordered the parties to file a statement explaining why they believed the expired fact discovery deadline did not apply to most of the discovery identified in their April 19 filing and to propose a new deadline for the completion of fact discovery. (*Id.*). On April 25, 2024, the parties responded by explaining their disputes and asking for a new fact discovery and deposition deadline of June 30, 2024. (Doc 32). On April 30, 2024, the Court adopted the parties' stipulation and extended the discovery and deposition deadline to June 30, 2024, while leaving the other deadlines in the Rule 16 Order in place. (Doc. 37). Having reviewed the parties' discovery disputes, the Court additionally noted, "Many of the parties' discovery disputes appear to be caused by Defendants' refusal to cooperate in discovery" and "Defendants made boilerplate objections to requests where no plausible objection existed." (*Id.*). Defendant was also informed not to make "ripeness" objections without including authority recognizing this objection. (*Id.*).

On May 13, 2024, Defendant refiled for Summary Judgment as to Plaintiff's claims of uninsured motorist benefits, breach of contract, and declaratory relief. (Doc. 40). Plaintiff responded on June 13, 2024. (Doc. 46). This matter is still before the Court and a ruling is forthcoming.

On June 27, 2024, the Court granted the parties' stipulation to extend the deposition deadline through August 16, 2024, due to Plaintiff's inability to depose witness Adam Chidester until his return from paternity leave on August 9, 2024. (Doc. 55; Doc 57).

On July 19, 2024, the Court granted the parties stipulated Protective Order in part.

1  (Doc. 59). The following documents were considered Confidential Material:

2      a. Any available Claim Manuals in effect at the time the Plaintiff's claim was
3  being handled;

4      b. Any available practice and procedure manuals in the administration of claims in
5  effect at the time Plaintiff's claim was being handled;

6      c. Any available uninsured and underinsured motorist claims training manuals in
7  effect at the time Plaintiff's claim was being handled;

8      d. Any available investigation claims manuals in effect at the time Plaintiff's claim
9  was being handled;

10     e. If requested any employee transcripts, employee performance evaluation
11 documents, disciplinary actions, etc., for any identified Adjuster and/or
12 Representative, if ordered to be produced by the Court.

13     On August 19 and 20, 2024, the parties separately provided the Court with a
14 Second Notice of Discovery and Settlement informing the Court of several continuing
15 discovery disputes. (Doc. 62; Doc 63).

16     On October 1, 2024, the parties filed a Joint Statement of Dispute. (Doc. 66). The
17 parties have asked for resolution on two issues: Personnel Files, Compensation and
18 Profitability, and Documentation Pertaining to Claims Handling. The Court will address
19 each in turn.

20     **ANALYSIS**

21     **I.    Personnel Files, Compensation, and Profitability**

22     Plaintiff states Defendant has refused to provide any information "pertaining to
23 decision-maker pay, bonus structures or incentives or the rationale behind these structure
24 [sic]." Plaintiff contends these issues are relevant to a claim of bad faith citing deposition
25 testimony wherein Progressive employee Adam Chidester testified profit-sharing bonuses
26 have increased as he was promoted to handling larger claims at Progressive and two
27 authorities. *See Rawlings v. Apodaca*, 151 Ariz. 149 (Ariz. 1986); *Zilisch v. State Farm*
28 *Auto Ins. Co*, 196 Ariz. 234 (Ariz. 2000).

1    Defendant argues if its Motion for Summary Judgment is granted on the issue of
2 uninsured motorist coverage, "discovery on a dismissed claim would be rendered moot"
3 and cites to *Lennar Corp. v. Transamerica Ins. Co.*, 227 Ariz. 238, 244, 256 P.3d 635
4 (Ariz. Ct. App. 2011). Defendant further argues the "sensitive nature of employee
5 personnel files" poses "legitimate privacy concerns." Lastly, Defendant argues Plaintiff
6 refuses to narrow requests for employment files and financial data to uninsured motorist
7 claims, and thus the requests are "unduly burdensome, overbroad, and seek[ing]
8 information not proportional to the needs of the case."

9    Fed. R. Civ. P. 26(b)(1) states, "Parties may obtain discovery regarding any
10 nonprivileged matter that is relevant to any party's claim or defense and proportional to
11 the needs of the case." Under Fed. R. Civ. P. 26(g)(1)(B), discovery objections should be,

12    "i) consistent with these rules and warranted by existing law or by a nonfrivolous
13 argument for extending, modifying, or reversing existing law, or for establishing new
14 law;

15    ii) not interposed for any improper purpose, such as to harass, cause unnecessary
16 delay, or needlessly increase the cost of litigation; and

17    iii) neither unreasonable nor unduly burdensome or expensive, considering the
18 needs of the case, prior discovery in the case, the amount in controversy, and the
19 importance of the issues at stake in the action."

20   Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its
21 discretion, to impose a wide range of sanctions when a party fails to comply with the
22 rules of discovery." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).
23 The district court's discretion has "particularly wide latitude" in the Ninth Circuit. *Yeti by*
24 *Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

25   Plaintiff has well-established from case law that its inquiry is relevant under Rule
26 26(b)(1). *See Zillich*, 196 Ariz. at 238 ("The appropriate inquiry [for bad faith] is whether
27 there is sufficient evidence from which reasonable jurors could conclude in the
28 investigation, evaluation, and processing of the claim, the insurer acted unreasonably and

either knew or was conscious of the fact that its conduct was unreasonable."); *see also Barten v. State Farm Mut. Auto Ins. Co.,* 2024 WL 2890246 (D. Ariz. 2024) ("If Defendant's adjustors have financial incentives to deny valid claims, information about those incentives is proof that Defendant acted in bad faith.").

Defendant once again appears to be delaying discovery. Defendant was previously warned for objecting to discovery on grounds of "ripeness" without citing authority. In this dispute, Defendant cites *Lennar Corp. v. Transamerica Ins. Co.*, 227 Ariz. 238, 244, 256 P.3d 635 (Ariz. Ct. App. 2011), arguing Plaintiff's bad faith claim will be moot if Defendant prevails at Summary Judgment. But the case fails to support Defendant that discovery relevant to bad faith should be requested after ruling on liability. Because of the previous warning for committing the same discovery violation, Defendant may be subject to sanctions under Rule 37.

Defendant's concerns regarding the "sensitive nature" of employee personnel files posing "legitimate privacy concerns" are well-taken. While additional disclosures should come under the existing protective order, if any do not, the parties should confer and request an appropriate modification of the protective order.

## II.   Documentation Pertaining to Claims Handling

Plaintiff argues Defendant should produce more than 12 pieces of redacted paper in response to its request for "Progressive Preferred Insurance Company's practices and procedures in the administration of claims" including "the processing of uninsured and underinsured motorist claims." Plaintiff cites authority from other districts in the Ninth Circuit to establish courts have held similar material to be within the scope of discovery in bad-faith actions. *See Martinez v. James River Ins. Co.*, 2020 U.S. Dist. LEXIS 72911, (D. Nev. Apr. 24 2020) ("The case law is well settled that claims manuals are generally relevant and discoverable both for bad faith and breach of contract insurance claims"); *Hovsepyan v Geico Gen Ins. Co.*, 2020 U.S. Dist. LEXIS 86129 (E.D. Cal. May 15, 2020).

Defendant contends they produced all the relevant portions of the redacted Claims

Standard Handling Manual, which was in effect during Plaintiff's October 7, 2020 loss. Further, Defendant argues Plaintiff's request is overly broad given it is without regard to whether personnel have handled uninsured motorist claims in Arizona. Defendant also argues Plaintiff has failed to establish the relevance of claims manuals beyond those used for uninsured motorists.

Plaintiff has established the relevance of uninsured motorist claims for a claim of bad faith under Fed. R. Civ. P. 26(b)(1). To the extent such claims are relevant, Defendant is required to provide manuals to Plaintiff. But because Defendant's objection that the manuals beyond those used for uninsured motorists is plainly vague and ambiguous, the Court is unable to resolve this dispute. *See Barten*, 2024 WL 2890246 at 4 ("Plainly, any information Defendant has regarding its handling of the claim will tend to prove or disprove Plaintiff's allegation [of bad faith]. This is true regardless of whether the information is within or outside the claim file.").

**IT IS ORDERED** Plaintiff's request for Personnel Files, Compensation, and Profitability is **GRANTED** and denying without prejudice Plaintiff's second request for Documentation Pertaining to Claims Handling. The parties are ordered to confer within 10 days from entry of this order and make every good faith effort to resolve this dispute.

Dated this 16th day of October, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge